ARGO v. DONOVER.

Estates of Decedents: RECOVERY FOR MONUMENT ERECTED BY BROTHER. Shortly before decedent's death he called the plaintiff, his brother, to his bedside, and stated that he wanted a granite monument from seven to nine feet high, and that he had property to pay for it. *Held* that this did not warrant the plaintiff in erect-ing the monument, but that the administrator was the proper per-son to do so, and that plaintiff could not recover of the estate the value of one erected by himself.

*Appeal from Appanoose District Court.*—HON. DELL STUART, Judge.

FILED, MAY 21, 1890.

ACTION to establish a claim against the estate of James H. Argo, deceased. The case was tried to a jury, and at the close of plaintiff's testimony the court, on motion of the defendant, instructed the jury to return a verdict for the defendant, to which plaintiff excepted. Verdict for defendant, and judgment on the verdict, from which plaintiff appeals.

*George D. Porter*, for appellant.

*T. M. Fee*, for appellee.

GIVEN, J.—Mrs. Sarah Argo, mother of the plain-tiff, was the only witness examined. She testified that, about a half an hour to an hour before his death, her

son James H. Argo sent for the plaintiff, who was upstairs in bed; that, when Frank came, James H. said "he wanted a monument, and he had property plenty to pay for it, that he earned with his two hands. He desired a granite monument from seven to nine feet high. He asked Frank if he understood what he said, and Frank replied that he did." She also testified: "At the time of this conversation, he had a span of mares there on the place,—the gray and dun. He kept the horses there until Mr. Donover came and took them. It was a good while after James' death. Before he came and took them, Frank had erected the monument. It was a granite one. Frank had taken charge of the mares, and was taking care of them. Frank took care of them after my son's death; and took care of them until Mr. Donover came and took them. Frank is plaintiff in this case." It is not clear from plaintiff's petition whether he asks to have the claim allowed as for money expended in erecting the monument at the instance and request of deceased, or for the value of the mares, upon the theory that they became his in consideration of his erecting the monument. There is entire lack of evidence to support the claim upon either theory. It does not appear that deceased desired or requested the plaintiff to procure the monument. He simply expressed the desire that a granite monument from seven to nine feet high should be placed over his grave. The inference would be that this desire should be carried out by his administrator. There was certainly no direction or request tha the plaintiff should do so.

No mention whatever was made of the mares by the deceased, and we cannot infer, in the absence of express declaration, that he intended the mares to go in payment for the monument simply because he owned them at the time. It could be said with equal force that any of the other property owned by him should go to that purpose. There is no testimony showing the cost or value of the monument, or the mares.

There was no error in the court's sustaining the defendant's motion, and instructing the jury to find for the defendant. The judgment of the district court is

AFFIRMED.