JAMES K. KIDD, Respondent, v. S. G. MASON et al.,
Appellants.

**Kansas City Court of Appeals, February 7, 1910.**

CONTRACTS: Chattel Mortgages: Clauses not Really Inconsist-
ent: Conversion.  A chattel mortgage on a one-half interest
in a crop of wheat was given to secure a certain note.  The
mortgage contained a provision that if that certain note was
paid when due the mortgage should be void.  It contained an-
other provision that it was also to secure other notes.  The
principal note was not paid when due.  The mortgaged prop-
erty was therefore security for all the notes.  The defendants
purchased the wheat from the mortgagor.  Plaintiff sued them
for conversion.  He was entitled to judgment for the amount
of all the unpaid notes described in said mortgage.

Appeal   from   Pettis   Circuit   Court.—*Hon.   Louis
Hoffman,* Judge.

AFFIRMED.

*Sangree & Bohling* for appellants.

(1)   The court erred in refusing defendants' third
instruction.  The mortgage provides on its face in the
condition clause that if the $24.50 note, with interest
is paid then the conveyance is to be void.  In Feller v.
McKillip, 109 Mo. App. 65, this court, speaking
through his Honor, BROADDUS, C. J., says: "Mortgages
are made most favorably to the mortgagees because they
are in a position to dictate terms on account of the
necessities of the mortgagors, therefore such provisions
should be reasonably construed in fairness to all par-
ties."  Jones on Chattel Mortgages, sec. 94.   (2)   The
court erred in admitting in evidence the $25 and $21.50
notes.   Defendants objected  to  the  introduction  of
these notes in evidence for the reason that they were
not described in the condition of the mortgage, and
therefore not secured by it,  for  same  reason  given

above. The case should be reversed with instruction to the lower court to enter judgment for the $24.50 note with interest.

*E. C. White* and *Barnett & Barnett* for respondent.

(1) The court committed no error in refusing defendant's third instruction and in rendering judgment for $94.75 being for three notes described in the mortgage for $24.50, $25.00 and $21.50. To have done otherwise would have been to ignore the provisions of the mortgage. One of the provisions of the mortgage is as follows: "This chattel mortgage is given not only to secure payment of the within described note of $24.50 but is also intended to secure a former note of $25.00 now past due and another note of ———— also past due. In other words this mortgage is intended to secure payment of within described note and any other notes due said James K. Kidd or any part of same or any interest thereon or any renewal thereof." (2) Appellant contends that because the defeasance clause provides that the mortgage is to be void upon the payment of $24.50 when due, that therefore the mortgage cannot secure any other sum than the one mentioned in this clause. It is not true that this clause in the mortgage must be given effect to the exclusion of every other part, but on the other hand the mortgage must be construed as a whole so as to give every part of it some meaning and force, but if appellants are technically correct in this contention it does not help them because there has been no defeasance. The $24.50 was not paid when due or at any other time. Appellant cannot lay hold of this provision providing for the defeat of the mortgage without showing that that provision has been complied with. This provision has not been kept in any respect and having failed to keep it then the mortgage is in force as a whole in favor of the mortgagee. After this forfeiture the mortgagee is entitled to avail

himself of his forfeited mortgage and enforce every one of its provisions without regard to any condition by which the mortgage might have been forfeited when due by paying at maturity a sum smaller than the sum secured by the mortgage.

BROADDUS, P. J.—Conversion. The facts are as follows: On the 28th day of February, 1905, one Jeff Williams executed a mortgage on one-half interest of a growing crop of wheat, to the plaintiff to secure certain indebtedness. The mortgage reads as follows: "That the undersigned Jeff Williams, of Pettis county, in consideration of the sum of twenty-four and fifty one-hundredths dollars, to him paid by J. K. Kidd, of Sedalia, Missouri, do sell, assign, transfer and set over unto the said J. K. Kidd . . . the following described personal property to-wit: "Then follows a description of the property; then this clause viz.: "This chattel mortgage is given not only to secure payment of the within described note of twenty-four and fifty one-hundredths dollars but is also intended to secure a former note of twenty-five dollars now past due and another note of —— also past due. In other words the mortgage is intended to secure payment of within described note and any other amounts due said J. K. Kidd or any part of same, or any interest thereon, or any renewal thereof."

The condition is that if mortgagor pay the note of ($24.50) twenty-four and fifty one-hundredths dollars, with interest when due, the same shall be void.

The defendants purchased the wheat from the mortgagor. The plaintiff sues defendant to recover on the note for twenty-four and fifty one-hundredths dollars mentioned in the consideration clause of the mortgage and also for the note described for twenty-five dollars and the other note not described in the sum of twenty-one and fifty one-hundredths dollars which defendant owed plaintiff at the date of the mort-

gage.    The court rendered judgment for plaintiff on the three notes with interest and defendant appealed.

The fact that twenty-four and fifty one-hundredths dollars was mentioned as the consideration for the execution of the mortgage, by the maker we do not think had the effect of limiting the amount of the debt secured thereby.    The stipulation is that it is given not only to secure that amount but also another note of twenty-five dollars past due, and also another note not described also past due.    [Shoemaker v. Smith, 80 Ia. 655; 45 N. W. 744; Jones on Chattel Mortgages, vol. 1, sec. 343; Herman on Chattel Mortgages, sec. 53, p. 111.]

The condition of the mortgage that it would be satisfied upon the payment of the stated consideration of twenty-four and fifty one-hundredths dollars we do not think in any manner conflicts with the recitations that its purpose was to secure two other notes.    Payment of said note when due would have been a satisfaction of the mortgage.    Such is the contract.    But if not paid when due the mortgagee's lien on the property would be retained on all the debts described there-in.    The defeasance was to occur on payment of the note mentioned.    His note not having been paid when due there was no defeasance.    It seems that the trial court took the correct view of the case.    Affirmed. All concur.